**James VON SCHOUNMACHER, Appellant,**

v.

**The STATE of Texas.**

No. 1335–98.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1999.

1. 982 S.W.2d 156.

2. 2 S.W.3d 251 (Tex.1999).

3. 982 S.W.2d at 164.

John Wilson Rowland, Comfort, for appellant.

Enrico B. Valdez, Assist. DA, San Antonio, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

PER CURIAM.

Appellant was indicted in 1993 for the offense of burglary of a building. He subsequently entered into a plea bargain with the state, in which he pled *nolo contendere* to burglary of a building. In exchange for his plea of guilty, the state agreed to recommend that punishment be assessed at eight years confinement and also recommended deferred adjudication. Pursuant to the plea agreement, the trial court deferred adjudication of guilt and placed appellant on eight years probation.

On November 1, 1996, the state filed a motion, based on an allegation of a new felony violation, to adjudicate appellant's guilt and revoke his probation. Following a hearing on the motion, the trial court entered a finding of guilty and sentenced appellant to twenty years confinement.

In his appeal, appellant argued, *inter alia,* that the trial court erred in rendering a sentence that exceeded the sentence recommended by the state and accepted by the court under the 1993 plea agreement. The Court of Appeals agreed with appellant that the trial court had improperly sentenced him to a term of imprisonment greater than he had bargained for. *Von Schounmacher v. State,* No. 04–97–00320–CR, slip op. at 8–9, 1998 WL 281837 (Tex. App.—San Antonio June 3, 1998) (not designated for publication), 1998 WL 281837, at *5. It reversed the judgment of the trial court and remanded the cause so that the trial court could either sentence appellant in accordance with the plea agreement or allow him to withdraw his plea of *nolo contendere. Id.* at 9–10, 1998 WL 281837, at *5. We granted the state's petition for discretionary review on the following ground:

> In its only ground for review, the state respectfully submits that the Fourth Court of Appeals erred when it held that the trial court improperly sentenced Von Schounmacher. It is the state's contention that a defendant who has been adjudicated guilty after being placed on community supervision pursuant to Tex. Code Crim. Proc. art. 42.12, § 5, is subject to the full range of punishment if and when the probation is revoked.

The Court of Appeals based its decision on *Ervin v. State,* 955 S.W.2d 416 (Tex. App.—San Antonio 1997). We recently reversed the Court of Appeals' decision in *Ervin* in a consolidated case titled *Ditto v. State,* 988 S.W.2d 236 (Tex.Crim.App. 1999). In *Ditto,* we held that

> a plea agreement in which the State makes no recommendation on probation or does not address it at all, but sets a cap on punishment, is satisfied when the trial court assesses as punishment deferred adjudication probation within the terms of the cap. Imposition of a higher

sentence is not precluded upon proceeding to adjudication due to a violation of the terms of deferred adjudication probation since the bargain was satisfied and completed by previous assessment of the deferred adjudication probation.

*Id.* at 239–40. Pursuant to the reasoning in *Ditto*, we now hold that, regardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits. *See* TEX. PEN.CODE § 12.01.

Based on the foregoing, the judgment of the Court of Appeals is reversed and the cause is remanded for consideration of appellant's other points of error.