MEMORANDUM OPINION




No. 04-01-00611-CR



Bert Land REIMER,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 1995-CR-2629


Honorable Philip A. Kazen, Jr., Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 11, 2003


AFFIRMED

 Bert Land Reimer was charged with the offense of aggravated assault with a deadly weapon.
Pursuant to a plea-bargain agreement, Reimer entered a plea of guilty and was placed on deferred
adjudication community supervision for ten years. Five years later, the State filed a motion to revoke
community supervision and enter adjudication of guilt. Reimer entered a plea of not true to both
allegations. After hearing the State's motion, the trial court entered an adjudication of guilt, made
an affirmative finding of a deadly weapon, and sentenced Reimer to twenty years imprisonment and
a fine of $1,000. On appeal, Reimer argues that his federal due process rights were violated because
the trial court did not follow the plea-bargain agreement and that he was denied the opportunity to
withdraw his plea as required by article 26.13 of the Texas Code of Criminal Procedure. We overrule
both issues and affirm the judgment of the trial court.

 Reimer argues that the trial court violated his federal due process rights by not following the
plea-bargain agreement on adjudication of guilt. Pursuant to the plea-bargain agreement, Reimer
agreed (1) to plead guilty to the offense charged, (2) to allow the State to prove its case through
written stipulations, (3) to the entry of an order of no contact with the complainant, and (4) to pay
restitution as determined by the probation officer. In exchange, the State agreed to recommend that
Reimer be placed on deferred adjudication community supervision for ten years. 

 The trial court followed the plea-bargain agreement by placing Reimer on deferred
adjudication community supervision for ten years. Reimer, thus, received the benefit of his bargain
when he was placed on deferred adjudication community supervision for ten years. Further, nothing
in the record suggests that Reimer and the State entered into a second plea-bargain agreement in
relation to Reimer's sentence should he be subsequently adjudicated guilty. As such, once the trial
court revoked Reimer's community supervision and adjudicated him guilty, it was not bound by the
plea-bargain agreement at all. Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App.
1999); Ditto v. State, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999). The trial court was,
therefore, permitted to make an affirmative finding of a deadly weapon. In fact, "once the trial court
proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory
limits." Von Schounmacher, 5 S.W.3d at 223. Reimer pled guilty to committing aggravated assault
with a deadly weapon and was admonished before entry of his plea that the range of punishment for
this offense was two to twenty years imprisonment and a fine up to $10,000. The trial court
sentenced Reimer to twenty years imprisonment and a fine of $1,000, a sentence within the range of
punishment for the offense. We overrule Reimer's first issue.

 In his second issue, Reimer argues that although the trial court refused to honor the plea-bargain agreement, Reimer was not given the opportunity to withdraw his plea. Because we have
held that the trial court did follow the plea-bargain agreement when it placed Reimer on deferred
adjudication community supervision for ten years, we overrule this second issue.

 Having overruled all issues, we affirm the judgment of the trial court. 


 Karen Angelini, Justice


Do not publish