MEMORANDUM OPINION




No. 04-03-00399-CR



Veronica HAMMOND,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 2000CR3167W


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: November 24, 2004


AFFIRMED

 Veronica Hammond was placed on deferred adjudication community supervision for a period
of six years. Later, when she pled true to violating a condition of her community supervision, the trial
court revoked her community supervision, adjudicated her guilt, and sentenced her to thirty years
imprisonment. Hammond now appeals. We affirm the judgment of the trial court.

 Hammond was charged with the felony offense of possession of cocaine with intent to deliver,
4-200 grams. On June 16, 2000, Hammond waived indictment, entered a plea of guilty to the charged
offense, and applied for deferred adjudication community supervision. In exchange for her plea of
guilty, the State recommended "punishment to be assessed at six years [and a] fine [of] $1000." In
addition, the State recommended community supervision; however, with regard to Hammond's
deferred adjudication application, it made no recommendation. 

 In support of Hammond's guilty plea, the State admitted in evidence a "waiver, consent to
stipulation of testimony and stipulations," which were signed by Hammond and her attorney. This
document contained a judicial confession signed by Hammond and an investigative report prepared
by a sheriff investigator.

 On August 3, 2000, the trial court deferred further proceedings without entering an
adjudication of guilty and placed Hammond on community supervision for a period of six years. On
October 26, 2001, the State filed a motion to revoke community supervision and enter adjudication
of guilt. The trial court denied the motion. On March 7, 2003, the State filed a second motion to
revoke community supervision and enter adjudication of guilt. At the hearing, Hammond pled true
to violating condition number one of her community supervision by committing the offense of credit
card abuse. On April 17, 2003, the trial court revoked Hammond's community supervision, found
her guilty, and sentenced her to thirty years imprisonment. Hammond timely filed a notice of appeal.
 Hammond's court-appointed appellate attorney has filed a brief in which he concludes that
this appeal is frivolous and without merit. Anders v. California, 386 U.S. 738 (1967); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel states that appellant was provided with a copy of
the brief and motion to withdraw and was further informed of her right to review the record and file
her own brief. Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.). Hammond has filed a pro se brief. In her brief, she argues that she did not understand that if
her deferred adjudication community supervision was revoked, she could be sentenced within the full
range of punishment for her offense. See Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim.
App. 1999) ("[O]nce the trial court proceeds to adjudication, it is restricted in the sentence it imposes
only by the relevant statutory limits."). However, at the June 16, 2000 hearing, Hammond was fully
warned by the trial court of the consequences of not complying with the conditions of her deferred
adjudication community supervision:

 Court: If you are granted deferred adjudication, you will be placed on community
supervision without being found guilty. There is a downside to that, though. This is
a first-degree felony that you are pleading to, and a person who is on deferred
adjudication is facing this possibility: That while they are on community supervision,
the judge will decide to bring them in and have a hearing on whether he should enter
a finding of guilt. After the hearing, he can make a finding of guilt for whatever reason
that he thought sufficient. He could then assess any punishment authorized by law for
this offense, meaning up to a life sentence and a $10,000.00 fine, and the law would
give you no right of appeal. Do you understand all that?


 Hammond: Uh-huh. Yes, sir. 


(emphasis added). Hammond, thus, indicated to the trial court that she did understand the
consequences. 

 We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion to
withdraw. Nichols v. State, 954 S.W.2d 83, 85-86 (Tex. App.--San Antonio 1997, no pet.); Bruns
924 S.W.2d at 177 n.1. 

 Karen Angelini, Justice


Do not publish