Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**MEMORANDUM OPINION**

No. 04-09-00075-CR

Cynthia Jennifer **MATHIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-11135
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 14, 2009

AFFIRMED

Defendant Cynthia Jennifer Mathis pled guilty to the charge of evading arrest or detention

with a vehicle.  Pursuant to a plea bargain, the trial court placed defendant on community supervision

for two years.  Subsequently, the State filed a motion to revoke community supervision, alleging nine

violations of the conditions of her community supervision.  On January 20, 2009, the trial court held

a hearing on the motion, and the court revoked defendant's community supervision and sentenced

defendant to two years' confinement. On appeal, defendant argues the trial court abused its discretion in revoking her community supervision and sentencing her to confinement at a state jail facility. We affirm.

## BACKGROUND

On October 10, 2008, the State filed a motion to revoke defendant's community supervision. The motion alleged nine violations, including one violation of condition 5 and one violation of condition 15(H). Condition 5 required defendant to report to her supervision officer, and condition 15(H) required defendant to attend the Center for Health Care Services ("CHCS") for counseling and treatment. The State alleged defendant failed to report to the supervision officer in person for the months of August and September, 2008, in violation of the fifth condition. The State also alleged defendant failed to report to and apply for drug and alcohol counseling treatment with the CHCS in violation of section 15(H). As to both allegations, defendant pled "True." The State waived its remaining allegations of violations. The trial court then admonished defendant: "I need you to understand that . . . based on your pleas of true, that would be sufficient for me to revoke your community supervision and sentence you to two years in the state jail facility . . . . Do you understand that that's what can happen today?" Defendant responded "Yes" and affirmed that she still wished to enter her pleas of "True."

The State recommended continued probation and a ninety-day sentence to a substance abuse treatment facility. The trial court then requested a recommendation from the supervision officer. Because the officer had no indication that defendant had a substance abuse problem, he recommended defendant's probation be revoked. He stated that in March of 2008, defendant produced a positive drug test result, but the officer explained that the defendant had been taking

certain medications known to cause false positives. In April and July of 2008, defendant's urinalyses both came back negative. Additionally, the officer stated defendant never informed him that she currently had a substance abuse problem. Based on that information, the supervision officer concluded there was "no basis" for sending defendant to drug treatment.

Before granting the motion to revoke, the trial court informed defendant of the following:

> [B]ased on what I understand of your explanation to the probation department is that, yes, you might have had some positives back in March, but that was because you were on some medications, and so, therefore, you weren't really having a substance abuse problem with methamphetamines. You've been testing clean since then. It does raise a legitimate question as to whether you really even have a substance abuse problem. . . . I'm not going to let anybody use substance abuse treatment . . . just to get out of going to the penitentiary.

The court then made findings of "True" as to both allegations, granted the motion to revoke community supervision, and sentenced defendant to two years in a state jail facility.

## DISCUSSION

In her sole issue on appeal, defendant asserts the trial court should have sent her to in-patient treatment because the court had previously required outpatient treatment and "then when [she] requested more intensive, in-patient treatment conclude[d] that [she] did not have a drug problem at all and refuse[d] her treatment."[1] Moreover, defendant argues, the trial court abused its discretion by relying upon a supervision officer's recommendation that she be denied in-patient treatment.

We review a sentence imposed by the trial court for abuse of discretion. *Jackson v State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). At the conclusion of revocation proceedings, a trial court has broad discretion to continue, extend, modify, or revoke a defendant's community supervision.

---

[1] Defendant admits in her brief that, because she pled "True" to the State's allegations, she "cannot argue that the evidence was insufficient to support the revocation of her community supervision." Therefore, we do not address whether the trial court erred in revoking her community supervision.

*See* TEX. CODE CRIM. PROC. art. 42.12 § 21(b) (Vernon Supp. 2008). The court is restricted in the sentence it imposes only by the relevant statutory limits. *See Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (holding "once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits"). In this case, the crime of evading arrest or detention with a vehicle is a state jail felony punishable by confinement in a state jail for any term of not more than two years or less than 180 days. *See* TEX. PENAL CODE § 12.35(a) (Vernon Supp. 2008). Here, the sentence imposed by the trial court—two years of state jail time—fell within the statutory limits. Therefore, the court complied with its only sentencing restriction, and revoking defendant's probation instead of sending her to in-patient drug treatment did not amount to an abuse of discretion. *See Hawkins v. State*, 112 S.W.3d 340, 344-45 (Tex. App.—Corpus Christi 2003, no pet.) (expressing approval of trial court revoking probation and sentencing defendant to ten years' confinement instead of drug treatment facility despite defendant's request to be sent to drug treatment facility).

Secondly, defendant failed to indicate to the court she currently had a substance abuse problem. Defense counsel could only point to defendant's positive urinalysis from ten months earlier and argue, "to [defendant's] benefit, she did have negative UAs following those positives. So whatever was going on, whatever—I feel like that she was trying to address whatever issues. She did not report to Center for Health Care Services which was a requirement of her probation because of that." Neither the argument from defense counsel nor the potentially false positive from ten months earlier gave the trial court sufficient indication to find that defendant currently had a substance abuse problem. The trial court's conclusion that nothing indicated defendant had a substance abuse problem does not fall outside the zone of reasonable disagreement. Therefore, it

was not unreasonable for the trial court to rely upon the supervision officer's recommendation that defendant be denied in-patient treatment. *See Dwyer v. State*, 2003 WL 252145, at \*1-3 (Tex. App.—Texarkana 2003) (no pet.) (mem. op., not designated for publication) (approving of trial court's reliance on probation officer's sentencing recommendation).

**CONCLUSION**

We overrule defendant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do Not Publish