Affirmed and Memorandum Opinion
filed April 8, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00277-CR



Hysone M.
Patterson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 1111768



 

MEMORANDUM OPINION 

Appellant Hysone M. Patterson challenges the trial
court’s adjudication of his guilt on the ground that the sentence imposed violates
his state and federal constitutional rights.  We affirm.

I.  Background

Pursuant to a plea agreement, appellant pleaded
guilty to the second-degree felony offense burglary of a habitation.  On June
28, 2007, the trial court entered an order of deferred adjudication and placed
appellant on community supervision for three years in accordance with the plea
agreement.  The terms of his community supervision included, among other
things, that appellant:

·       
Commit no offense against the laws of this or any other State or
of the United States.

·       
Avoid injurious or vicious habits.  [Appellant is] forbidden to
use, possess or consume any controlled substance, dangerous drug, marijuana,
alcohol or prescription drug. . . .

·       
Avoid persons or places of disreputable or harmful character. . .
.

The terms of appellant’s
community supervision were twice amended—first in July 2007 to add that he
attend a “Cognitive/Life Skills Course” and “Employment Readiness Program,” and
again in January 2008 to commit him to a substance abuse treatment facility and
to order him to participate in a substance abuse treatment program.  

Appellant was arrested for possession of heroin with
intent to deliver on May 5, 2008.  Shortly after his arrest, the State moved to
adjudicate his guilt.  At the hearing, appellant’s probation officer testified regarding
the terms of appellant’s community supervision.  He further testified that
appellant had been committed to a drug rehabilitation facility from January to
April 2008.  Additionally, Houston Police Department (“HPD”) officers testified
to the following events.  

On May 5, 2008, an undercover officer saw appellant
and a passenger, later identified as Thomas Henry,[1] stopped in
traffic in the Houston area.  He watched what he believed to be a drug
transaction occur between the occupants of the vehicle and a person on foot; he
called for a marked patrol unit to initiate a traffic stop.  The marked unit
followed appellant’s car to an apartment complex, where appellant and Henry got
out and started walking away from the car.  Officers detained appellant and Henry. 
An officer performed a pat-down search of appellant and discovered a baggie
hidden inside a large belt buckle.  The baggie contained twenty-seven pieces of
foil, each of which had a substance inside.  Officers also discovered another
bag containing a similar substance tucked underneath the driver’s seat and a
pistol on the passenger’s side of the vehicle.   The substance found in the
foils and in the car field-tested positive for heroin.  An HPD chemist verified
that the substance was heroin.  The chemist also stated that the weight of the
heroin discovered on appellant’s person was 1.07 grams and the weight of the
heroin found in the car was 7.8 grams.  

After hearing the evidence, the trial court found
that appellant had violated the terms and conditions of his community
supervision, adjudicated him guilty, and sentenced him to twenty years’
incarceration.  Appellant filed a motion for new trial in which he asserted
that the trial court’s sentence violated his constitutional rights to be free
from cruel and unusual punishment, which was overruled by operation of law. 
This appeal timely ensued thereafter.

II.  Analysis

In three issues, appellant asserts that the trial
court’s sentence violates his state and federal rights to be free from cruel or
unusual punishment.  See U.S.
Const. amend. VII; Tex. Const.
art. I, § 13; Tex. Code Crim. Proc. Ann.
art. 1.09 (Vernon 2005).

Where deferred adjudication community supervision is
revoked, the trial court may impose any punishment authorized by statute.  Von
Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per
curiam).  Appellant was convicted of burglary of a habitation, a second-degree
felony, with a punishment range of two to twenty years’ incarceration.  See Tex. Penal Code Ann. § 12.33(a) (Vernon
Supp. 2009) (second degree felony punishment range is two to twenty years); id.
§ 30.02(a)(1)(c)(2) (Vernon 2003) (burglary of habitation is second degree
felony). As noted above, appellant was sentenced to twenty years’
incarceration, which falls within the statutory range of punishment.

Punishment assessed within the statutory limits is
generally not considered cruel and unusual.[2]  Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Baldridge v. State, 77
S.W.3d 890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d).  A narrow exception to this rule was announced by the United States
Supreme Court in Solem v. Helm, which held that criminal sentences must
be proportionate to the crime and that even a sentence within the statutorily
prescribed range may violate the Eighth Amendment.  463 U.S. 277, 290 (1983). 
Punishment may be grossly disproportionate to a crime only when an objective
comparison of the gravity of the offense against the severity of the sentence
shows the sentence to be extreme.  Baldridge, 77 S.W.3d at 893 (citing
Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) (plurality op.) (Kennedy,
J., concurring)).  If we determine that the sentence is grossly
disproportionate to the offense, we must then consider the remaining factors of
the Solem test and compare the sentence received to (1) sentences for
similar crimes in this jurisdiction, and (2) sentences for the same crime in
other jurisdictions.  Id. 

First we must examine the gravity of the offense.  The
complaint alleges that appellant burglarized the apartment of the complainant
and stole several items.  He apparently broke a window to enter the apartment.  He
was indicted for burglary of a habitation with intent to commit theft.  Appellant
pleaded guilty to the offense and confessed “that he did then and there
unlawfully, without the consent of the owner, namely, without any consent of
any kind, intentionally and knowingly entered a habitation owned by [the
complainant], a person having A GREATER RIGHT TO POSSESSION OF THE HABITATION
THAN THE DEFENDANT, and commit and attempt to commit the felony of theft.”  Texas
courts have concluded that a lengthy prison sentence for the offense of
burglary does not raise an inference of gross disproportionality.  See, e.g.,
Castaneda v. State, 135 S.W.3d 719, 724-25 (Tex. App.—Dallas 2003, no pet.)
(concluding that thirty-year sentence for third degree felony offense of
burglary of vehicle, enhanced by two prior felony convictions, was not grossly
disproportionate under federal constitution); Sullivan v. State, 975
S.W.2d 755, 757-58 (Tex. App.—Corpus Christi 1998, no pet.) (noting that
five-year sentence imposed on first-time offender for burglary of habitation
was well-below maximum term of imprisonment permitted and was not grossly
disproportionate to offense).  Further, the legislature, recognizing the
serious nature of this crime, distinguishes between burglary of a building (a
state jail felony) and burglary of a habitation (a felony of the second
degree.)  Tex. Penal Code Ann. §30.02(c) (Vernon 2003).  A
habitation is a structure designed for overnight accommodation of a person—here,
the apartment of the complainant. Id. § 30.01(1).  People want to feel
secure in their homes, and burglary of a habitation destroys that sense of security.
 We cannot conclude that twenty years is grossly disproportionate to the
offense.[3]

Moreover, even if we were to determine that the
sentence imposed was grossly disproportionate to the offense, appellant has
provided no argument or authority concerning sentences imposed on other
individuals either in Texas or in other jurisdictions who committed a similar
offense so that we may consider the other two Solem factors.  See
Tex. R. App. P. 38.1(h); see
also Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no
pet.) (noting that even if the court wanted to consider the other Solem
factors, there was no evidence in the record reflecting sentences imposed for
similar offenses in Texas or other jurisdictions to which to compare the
appellant’s sentence).  In fact, appellant has not cited a single case in which
an appellate court has concluded that a twenty-year sentence for burglary of a
habitation violated an appellant’s Eighth Amendment rights.  

Under these circumstances, we conclude that the
sentence imposed in this case does not run afoul of the state or federal
prohibitions against cruel or unusual punishment, and we overrule appellant’s three
issues.

III.  Conclusion

            We
affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Tracy
Christopher

Justice

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
The record reflects that Henry had a prior criminal record.





[2]
Although appellant argues that the Texas Constitution affords greater
protection than the United States Constitution, he has not cited any cases in
which the Texas Constitution’s prohibition against “cruel or unusual”
punishment has been interpreted to provide more protection than the United
States Constitution’s prohibition against “cruel and unusual”
punishment.  Compare Tex. Const.
art. I, § 13 (prohibiting cruel or unusual punishment) with U.S. Const. amend. VIII (prohibiting
cruel and unusual punishment).  Further, our courts have consistently concluded
that there is “no significance in the difference” between the two
constitutional provisions.  Cantu v. State, 939 S.W.2d 627, 645 (Tex.
Crim. App. 1997).





[3]
We note that, in determining an appropriate sentence, the trial court may
consider evidence of “any matter the court deems relevant to sentencing.”  Tex. Code Crim. Proc. Ann. art.  37.07,
§ 3 (Vernon 2008).  As detailed above, appellant was placed on community
supervision for burglary of a habitation in June 2007.  Less than a year after
he was placed on community supervision, and after the terms of his community
supervision had twice been amended to provide additional supervision, appellant
committed another serious offense, possession of heroin with intent to
deliver.  By committing this offense, appellant violated several of the terms
of his community supervision, namely committing an offense against the laws of
the State, possessing a controlled substance, and associating with a person of
disreputable or harmful character.  Further, appellant was released from his
court-ordered drug rehabilitation facility around April 9, 2008; he was
arrested for possession of heroin with intent to deliver less than a month
later, on May 5, 2008.  The trial court could have considered appellant’s
behavior while on community supervision in determining an appropriate
sentence.  See id.