**Opinion filed November 18, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00088-CR
_____

## TIMOTHY CAMERON DAWLEY, Appellant

## V.

## STATE OF TEXAS , Appellee

On Appeal from the 16th District Court

Denton County, Texas

Trial Court Cause No. F-2000-0183-A

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt.  We modify and affirm.

*Procedural History*

Timothy Cameron Dawley originally entered a plea of guilty to the aggravated sexual assault of a seven-year-old child.  Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for ten years, and assessed a $500 fine.  In its first amended motion to adjudicate, the State alleged that appellant committed the following violations of the terms and conditions of his community supervision:  committed

the offense of interference with an emergency phone call; consumed alcohol between February and April of 2008 and again on April 8, 2008; purchased pornographic movies through his cable service; went to Disney World without reporting to or gaining approval from his supervision officer; had contact with a child without an authorized chaperone present; and had contact with children at Disney World without an authorized chaperone present. Appellant pleaded true to committing the offense of interfering with an emergency call and both allegations of consuming alcohol. Appellant pleaded not true to the remaining allegations of purchasing pornography, attending Disney World without reporting or approval and without a chaperone, and holding a child without a chaperone. The trial court found the allegations to be true, revoked appellant's community supervision, adjudicated his guilt, and assessed his punishment at confinement for twenty-five years.

*Issues on Appeal*

In his sole point of error, appellant challenges the punishment assessed. Appellant argues that the trial court erred in excluding Matthew Weger's testimony concerning statements Janeen Rapolo Dawley had made, threatening to make sure appellant went to prison if he ever left her. Appellant acknowledges that he admitted committing three of the violations but argues that he was harmed by the improper exclusion of Weger's testimony because he was sentenced to twenty-five years confinement as opposed to the minimum of five years available for the first degree felony offense of aggravated sexual assault.[1] We disagree with appellant's contentions that reversible error occurred.

*Testimony Presented*

Lewisville Police Officer Schnequa Guy testified that she responded to a disturbance call at around 2:30 a.m. at the residence appellant was sharing with his wife Janeen Rapolo Dawley. Furniture was overturned, a coffee table was broken, and pieces of a broken cell phone were scattered not only on the deck but also inside the house. The house phone had been disconnected from the wall jack. Janeen was outside the house, and appellant stated that he had been drinking. When Officer Guy asked how the furniture was broken, appellant told her that it was his furniture and that he could break it if he wanted to.

Lewisville Police Officer Luke Slavens also responded to the call and spoke with appellant. Appellant told Officer Slavens that the broken cell phone was his and that he could

---

[1] TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010), § 22.021 (Vernon Pamph. Supp. 2010).

break it if he wanted to. He also told Officer Slavens to get the "f--k" off his property. Officer Slavens stated that appellant appeared intoxicated.

Janeen testified that she was married to appellant but that they were not currently living together. Janeen stated that, while they were living together, appellant would drink alcohol and be around children without his probation officer's approval. She was also aware that he looked at pornography in violation of the terms and conditions of his community supervision. After a confrontation, Janeen attempted to call the police when appellant took the cell phone and broke it. She went next door and had her neighbor call the police. Janeen stated that there had been a time after that incident when she wanted to drop her charges against appellant because she loved him. Janeen denied on cross-examination that she had ever threatened to make pornography allegations against appellant in order to send him to prison.

Amy Elizabeth Weger testified that appellant was her ex-husband Matt Weger's best friend. Amy testified that she had seen both appellant and her husband watching adult pornography at her home on her computer. Amy also saw appellant consume alcohol.

Denton County Adult Probation Officer Sondra Cornuaud testified that she was assigned to appellant's case. She was familiar with appellant, his case file, and the marital troubles he and Janeen had had. At first, appellant insisted that he had not been consuming alcohol while on community supervision. He eventually told Cornuaud that he had consumed alcohol on the dates alleged in the motion to adjudicate. Cornuaud stated that there had been a lot of conflict between Janeen and appellant resulting in more violations on appellant's part. Cornuaud further stated that she was having problems supervising appellant, that she could not adequately supervise him, and that he was not a safe person to be on probation.

Appellant called Catherine Champ, a licensed professional counselor, as a witness on his behalf. Champ testified that she had been seeing appellant on a weekly basis for four years. The results of her recent testing showed that appellant showed minimal or no need for improvement in "Sexual Deviancy," "Criminality," "Employment," "Residence," and "Finances"; that he showed some need for improvement with "Problem Solving," "Impulsivity," "Stage of Change," "Treatment and Supervision," and "Cooperation"; and that he showed room for considerable improvement in "Adult Love Relationship" and "Emotional Management." Champ expressed concern that, while appellant no longer showed sexual interest in exposure, voyeurism, frottage, and sadomasochism, he still showed sexual interest in adolescent females and young females.

3

Champ stated on cross that she was unaware that appellant had been drinking and viewing pornography and that that information would affect her opinion concerning the effectiveness of his treatment.

Denise Baker testified that she had counseled appellant in a ten-week anger management program. Appellant blamed Janeen for his anger. His treatment was extended to seventeen weeks. Baker stated that appellant did not make progress and that she had discharged him from the program.

Matt Weger testified that appellant had been to his house numerous times and that they had looked at the computer together. Matt denied that they had looked at pornography on the computer. When appellant's counsel asked Matt if he had ever heard Janeen threaten to raise pornography allegations to have appellant sent to prison, the trial court sustained the State's objection. Appellant argued that the testimony was admissible to impeach Janeen. On cross-examination, Matt denied that he had ever had any contact with appellant that would have violated the terms and conditions of Matt's community supervision. Appellant then perfected the following bill of exception:

[DEFENSE COUNSEL]: Did Janeen Dawley -- did you ever hear janeen Dawley threaten Timothy Dawley to put him in prison if he ever left her?

[MATT WEGER]: Yes.

James O'Grady testified that he had known appellant since high school. O'Grady stated that he had heard Janeen threaten to revoke appellant's community supervision "[c]ountless times." Rachel Fulco Rosenbaum testified that Janeen had threatened to kill her and that Janeen had said she was going to send appellant to prison.

Appellant testified he had been consuming alcohol the day he broke his wife's cell phone, that he was separated from his wife, that she had threatened to kill him and to lie to his probation officer about his use of pornography, that she had stalked him by calling him between 150-200 times a day, and that she had tried to run over him. Appellant stated that the only time he had looked at pornography while he was on community supervision was once right after his supervision began. Appellant testified that he had been given permission by his supervising officer to go to Celebrity Resorts in Florida for his honeymoon with Janeen. His supervising officer had not given him permission to go to Disney World, and he did not want to go. Appellant testified that he only went to Disney World because Janeen "forced" him to go.

4

Appellant testified that he was with his wife the entire time, that he did not talk to any children, and that his wife was his designated chaperone the entire time.

The State called the victim's high school counselor as a rebuttal witness. Kathy Willis testified that the victim was still having issues eight years after the assault to the extent that she had attempted suicide twice. Willis stated that the victim was unable to testify at the hearing because the situation was "[s]till too stressful for her."

*Analysis*

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010), provides that, after the trial court adjudicates guilt, "all proceedings, including assessment of punishment . . . and defendant's appeal continue as if the adjudication of guilt had not been deferred." Appellant has limited his arguments on appeal to how Matt's excluded testimony affected his punishment. Appellant contends that excluding Matt's testimony violated his constitutional right to confrontation and that that error was harmful because he did not receive the minimum available sentence of confinement for five years.

It was uncontroverted that appellant and Janeen had a stormy and difficult relationship. Appellant called Matt as a witness. After Matt's testimony was excluded, appellant and two other witnesses testified without objection to the identical testimony that Matt gave in the bill of exception. Appellant cross-examined Janeen concerning any threats she had made to send appellant to prison. The record does not support his claims that his constitutional right to confront the witnesses against him had been violated resulting in reversible error.

After the adjudication of guilt, the full range of punishment is available to the trial court, and appellant was properly admonished of that when he originally entered his plea of guilty. TEX. PENAL CODE ANN. § 12.01 (Vernon 2003); Article 42.12, § 5(b); *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999); *Ditto v. State*, 988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).

TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010) provides that the punishment for a person convicted of a first degree felony offense is a term of confinement between five and ninety-nine years or for life. Section 12.32 also authorizes an optional fine not to exceed $10,000. The punishment assessed, confinement for twenty-five years, is well within the applicable range. A penalty assessed within the range of punishment established by the legislature will not be

disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd).

Any error in the denial of the admission of Matt's testimony was rendered harmless by the subsequent admission of the identical testimony from appellant, O'Grady, and Rosenbaum. Both appellant's and Rosenbaum's testimony described Janeen's threats in greater detail than Matt's excluded testimony. Appellant's sole ground of error is overruled.

### *Holding*

The judgment of the trial court is modified to reflect that Timothy Cameron Dawley entered pleas of true to the first three allegations and not true to the remaining four allegations. As modified, the judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


November 18, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6