Opinion filed November 18,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00088-CR 

                                                    __________

 

                        TIMOTHY
CAMERON DAWLEY, Appellant

 

                                                             V.

 

                                     STATE
OF TEXAS , Appellee



 

                                   On
Appeal from the 16th District Court

 

                                                            Denton
County, Texas

 

                                              Trial Court
Cause No. F-2000-0183-A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from a judgment adjudicating guilt.  We modify and affirm.

Procedural
History

            Timothy
Cameron Dawley originally entered a plea of guilty to the aggravated sexual
assault of a seven-year-old child.  Pursuant to the plea bargain agreement, the
trial court deferred the adjudication of guilt, placed appellant on community
supervision for ten years, and assessed a $500 fine.  In its first amended
motion to adjudicate, the State alleged that appellant committed the following
violations of the terms and conditions of his community supervision:  committed
the offense of interference with an emergency phone call; consumed alcohol
between February and April of 2008 and again on April 8, 2008; purchased
pornographic movies through his cable service; went to Disney World without
reporting to or gaining approval from his supervision officer; had contact with
a child without an authorized chaperone present; and had contact with children
at Disney World without an authorized chaperone present.  Appellant pleaded
true to committing the offense of interfering with an emergency call and both
allegations of consuming alcohol.  Appellant pleaded not true to the remaining
allegations of purchasing pornography, attending Disney World without reporting
or approval and without a chaperone, and holding a child without a chaperone.  The
trial court found the allegations to be true, revoked appellant’s community
supervision, adjudicated his guilt, and assessed his punishment at confinement
for twenty-five years.

Issues
on Appeal

            In
his sole point of error, appellant challenges the punishment assessed. 
Appellant argues that the trial court erred in excluding Matthew Weger’s
testimony concerning statements Janeen Rapolo Dawley had made, threatening to
make sure appellant went to prison if he ever left her.  Appellant acknowledges
that he admitted committing three of the violations but argues that he was
harmed by the improper exclusion of Weger’s testimony because he was sentenced
to twenty-five years confinement as opposed to the minimum of five years
available for the first degree felony offense of aggravated sexual assault.[1] 
We disagree with appellant’s contentions that reversible error occurred.

Testimony
Presented

            Lewisville
Police Officer Schnequa Guy testified that she responded to a disturbance call
at around 2:30 a.m. at the residence appellant was sharing with his wife Janeen
Rapolo Dawley.  Furniture was overturned, a coffee table was broken, and pieces
of a broken cell phone were scattered not only on the deck but also inside the
house.  The house phone had been disconnected from the wall jack.  Janeen was
outside the house, and appellant stated that he had been drinking. When Officer
Guy asked how the furniture was broken, appellant told her that it was his
furniture and that he could break it if he wanted to.  

            Lewisville
Police Officer Luke Slavens also responded to the call and spoke with
appellant.  Appellant told Officer Slavens that the broken cell phone was his
and that he could break it if he wanted to.  He also told Officer Slavens to
get the “f--k” off his property.  Officer Slavens stated that appellant
appeared intoxicated.

            Janeen
testified that she was married to appellant but that they were not currently
living together.  Janeen stated that, while they were living together,
appellant would drink alcohol and be around children without his probation
officer’s approval.  She was also aware that he looked at pornography in
violation of the terms and conditions of his community supervision.  After a
confrontation, Janeen attempted to call the police when appellant took the cell
phone and broke it.  She went next door and had her neighbor call the police. 
Janeen stated that there had been a time after that incident when she wanted to
drop her charges against appellant because she loved him.  Janeen denied on
cross-examination that she had ever threatened to make pornography allegations
against appellant in order to send him to prison.

            Amy
Elizabeth Weger testified that appellant was her ex-husband Matt Weger’s best
friend.  Amy testified that she had seen both appellant and her husband
watching adult pornography at her home on her computer.  Amy also saw appellant
consume alcohol.

            Denton
County Adult Probation Officer Sondra Cornuaud testified that she was assigned
to appellant’s case.  She was familiar with appellant, his case file, and the
marital troubles he and Janeen had had.  At first, appellant insisted that he
had not been consuming alcohol while on community supervision.  He eventually
told Cornuaud that he had consumed alcohol on the dates alleged in the motion
to adjudicate.  Cornuaud stated that there had been a lot of conflict between
Janeen and appellant resulting in more violations on appellant’s part.  Cornuaud
further stated that she was having problems supervising appellant, that she
could not adequately supervise him, and that he was not a safe person to be on
probation.

            Appellant
called Catherine Champ, a licensed professional counselor, as a witness on his
behalf.  Champ testified that she had been seeing appellant on a weekly basis
for four years.  The results of her recent testing showed that appellant showed
minimal or no need for improvement in “Sexual Deviancy,” “Criminality,”
“Employment,” “Residence,” and “Finances”; that he showed some need for
improvement with “Problem Solving,” “Impulsivity,” “Stage of Change,” “Treatment
and Supervision,” and “Cooperation”; and that he showed room for considerable
improvement in “Adult Love Relationship” and “Emotional Management.”  Champ 
expressed concern that, while appellant no longer showed sexual interest in
exposure, voyeurism, frottage, and sadomasochism, he still showed  sexual
interest in adolescent females and young females.  Champ stated on cross that
she was unaware that appellant had been drinking and viewing pornography and
that that information would affect her opinion concerning the effectiveness of
his treatment.

            Denise
Baker testified that she had counseled appellant in a ten-week anger management
program.  Appellant blamed Janeen for his anger.  His treatment was extended to
seventeen weeks.  Baker stated that appellant did not make progress and that
she had discharged him from the program. 

            Matt
Weger testified that appellant had been to his house numerous times and that
they had looked at the computer together.  Matt denied that they had looked at
pornography on the computer.  When appellant’s counsel asked Matt if he had
ever heard Janeen threaten to raise pornography allegations to have appellant
sent to prison, the trial court sustained the State’s objection.  Appellant
argued that the testimony was admissible to impeach Janeen.  On
cross-examination, Matt denied that he had ever had any contact with appellant
that would have violated the terms and conditions of Matt’s community
supervision.  Appellant then perfected the following bill of exception:

            [DEFENSE
COUNSEL]:   Did Janeen Dawley -- did you ever hear janeen Dawley threaten
Timothy Dawley to put him in prison if he ever left her? 

 

            [MATT
WEGER]:  Yes.

            James
O’Grady testified that he had known appellant since high school.  O’Grady
stated that he had heard Janeen threaten to revoke appellant’s community
supervision “[c]ountless times.”  Rachel Fulco Rosenbaum testified that Janeen
had threatened to kill her and that Janeen had said she was going to send
appellant to prison.

            Appellant
testified he had been consuming alcohol the day he broke his wife’s cell phone,
that he was separated from his wife, that she had threatened to kill him and to
lie to his probation officer about his use of pornography, that she had stalked
him by calling him between 150-200 times a day, and that she had tried to run
over him.  Appellant stated that the only time he had looked at pornography
while he was on community supervision was once right after his supervision
began.  Appellant testified that he had been given permission by his
supervising officer to go to Celebrity Resorts in Florida for his honeymoon
with Janeen.  His supervising officer had not given him permission to go to
Disney World, and he did not want to go. Appellant testified that he only went
to Disney World because Janeen “forced” him to go.  Appellant testified that he
was with his wife the entire time, that he did not talk to any children, and
that his wife was his designated chaperone the entire time.

            The
State called the victim’s high school counselor as a rebuttal witness.  Kathy Willis
testified that the victim was still having issues eight years after the assault
to the extent that she had attempted suicide twice.  Willis stated that the
victim was unable to testify at the hearing because the situation was “[s]till
too stressful for her.”

Analysis

            Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2010), provides that, after the trial court adjudicates
guilt, “all proceedings, including assessment of punishment . . . and
defendant’s appeal continue as if the adjudication of guilt had not been
deferred.”  Appellant has limited his arguments on appeal to how Matt’s
excluded testimony affected his punishment.  Appellant contends that excluding
Matt’s testimony violated his constitutional right to confrontation and that
that error was harmful because he did not receive the minimum available
sentence of confinement for five years.

            It
was uncontroverted that appellant and Janeen had a stormy and difficult
relationship.  Appellant called Matt as a witness.  After Matt’s testimony was
excluded, appellant and two other witnesses testified without objection to the
identical testimony that Matt gave in the bill of exception.  Appellant
cross-examined Janeen concerning any threats she had made to send appellant to
prison.  The record does not support his claims that his constitutional right
to confront the witnesses against him had been violated resulting in reversible
error.

            After
the adjudication of guilt, the full range of punishment is available to the
trial court, and appellant was properly admonished of that when he originally entered
his plea of guilty.  Tex. Penal Code
Ann. § 12.01 (Vernon 2003); Article 42.12, § 5(b); Von Schounmacher
v. State, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999); Ditto v. State,
988 S.W.2d 236, 239-40 (Tex. Crim. App. 1999).

            Tex. Penal Code Ann. § 12.32 (Vernon Supp.
2010) provides that the punishment for a person convicted of a first degree
felony offense is a term of confinement between five and ninty-nine years or
for life.  Section 12.32 also authorizes an optional fine not to exceed
$10,000.  The punishment assessed, confinement for twenty-five years, is well
within the applicable range.  A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Bradfield v. State,
42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref’d).

            Any
error in the denial of the admission of Matt’s testimony was rendered harmless
by the subsequent admission of the identical testimony from appellant, O’Grady,
and Rosenbaum.   Both appellant’s and Rosenbaum’s testimony described Janeen’s
threats in greater detail than Matt’s excluded testimony.  Appellant’s sole
ground of error is overruled.

Holding

            The
judgment of the trial court is modified to reflect that Timothy Cameron Dawley
entered pleas of true to the first three allegations and not true to the
remaining four allegations.  As modified, the judgment of the trial court is
affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

November 18,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]
Tex. Penal Code Ann. § 12.33
(Vernon Supp. 2010), § 22.021 (Vernon Pamph. Supp. 2010).