**Opinion filed January 26, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00023-CR

_____

### JESSIE NATHANIEL TAPIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-20-0934-CR**

## M E M O R A N D U M   O P I N I O N

Jessie Nathaniel Tapia, Appellant, originally pled guilty to the first-degree felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2019). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. Less than seven months later, the State filed a motion to adjudicate Appellant's guilt. At the hearing on the State's motion to adjudicate, Appellant pled true to all four of the allegations in the motion. The trial

court accepted Appellant's pleas of true, found that Appellant had violated the terms and conditions of his deferred adjudication community supervision as alleged by the State, revoked Appellant's deferred adjudication community supervision, and adjudicated Appellant guilty of the charged offense. The parties then presented evidence regarding punishment. At the close of the punishment hearing, the trial court assessed Appellant's punishment at imprisonment for life in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt.

2

*See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). When a trial court revokes deferred adjudication community supervision and proceeds to adjudication, "it is restricted in the sentence it imposes only by the relevant statutory limits." *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

January 26, 2023

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.