

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | | |
|---|---|---|
| GERARDO ADRIAN SANTILLAN, | § | No. 08-23-00292-CR |
| Appellant, | § | Appeal from |
| v. | § | 227th Judicial District Court of |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2018-CR-13543B) |

## <u>MEMORANDUM OPINION</u>

Appellant Gerardo Adrian Santillan pled no contest to aggravated robbery and was placed on deferred adjudication. Santillan claims the trial court erred by sentencing him to 15 years in prison. We affirm.

## BACKGROUND

Santillan was charged with aggravated robbery in February 2018 following his arrest in Bexar County.[1] Tex. Penal Code Ann. § 29.03(a)(2). On January 6, 2020, he pled no contest to the offense and limited his right to appeal in exchange for the prosecutor's recommendation of ten years on community supervision, which the court adopted. Among other things, the terms of

---

[1] This case was transferred from the Fourth Court of Appeals to this Court pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. Accordingly, we follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

Santillan's community supervision required him to report to probation each month and submit to drug tests.

After alleging that Santillan violated several conditions of his probation, the State filed a motion to adjudicate Santillan's guilt and revoke his community supervision. The court instead continued Santillan's community supervision and added in-patient substance abuse treatment to the conditions of his community supervision. Following several additional alleged violations of these conditions, the State again moved to adjudicate Santillan's guilt and revoke his community supervision. The trial court held a revocation hearing, at which Santillan pleaded true to seven violations of his probation conditions, including failure to submit to drug testing, failure to report to his probation officer, failure to comply with the rules of his outpatient rehabilitation program, and the commission of additional criminal offenses. After determining Santillan violated conditions of his probation, the court revoked Santillan's community supervision, adjudicated him guilty, and assessed punishment at 15 years' confinement. Santillan appeals.

## DISCUSSION

In one issue on appeal, Santillan contends the trial court violated his due-process rights because it failed to consider the full range of punishment and instead issued a sentence that is neither fair nor impartial. He urges that the State first recommended deferred adjudication, such that a sentence involving prison time is arbitrary and capricious. He also characterizes the violations of his probation conditions as "technical violations" that are not "deserving of fifteen years" in confinement.

"[A] trial judge has broad discretion in ruling on a revocation motion." *State v. Waters*, 560 S.W.3d 651, 661 (Tex. Crim. App. 2018). We review a trial court's decision to proceed to an adjudication of guilt and revoke deferred-adjudication community supervision for abuse of

discretion. *Pena v. State*, 508 S.W.3d 599, 604 (Tex. App.—El Paso 2016, pet. ref'd). The central issue in determining whether a trial court abused its discretion is whether the defendant was afforded due process. *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). A trial court violates a defendant's due-process rights if it arbitrarily refuses to consider the entire range of punishment. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). We presume a trial court was neutral and detached absent a clear showing of bias. *Tapia*, 462 S.W.3d at 44.

To support a revocation of community supervision, the State must prove the defendant violated a condition of his probation by preponderance of the evidence. *Pena*, 508 S.W.3d at 604. But a defendant's plea of true to an allegation that he has violated a condition of his community supervision is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Martinez v. State*, 2015 WL 8986704, at *1 (Tex. App.—San Antonio 2015) (mem. op., not designated for publication) (recognizing the same except "when the sole basis for revoking community supervision is a defendant's failure to pay fines and restitution[,]" in which case, an evidentiary hearing must be conducted); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) (recognizing that "appellant's plea may certainly be considered as evidence to support the revocation of his probation" when nothing in the record indicates the plea was conditional nor did appellant complain it was improvident).

Once a trial court revokes community supervision, it may impose punishment within the relevant statutory range. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (en banc) (per curiam); *see* Tex. Code Crim. Pro. Ann. art. 42A.755(a)(1). Relevant to this case, aggravated robbery is a first-degree felony punishable by a range of lifetime confinement or five to 99 years' imprisonment. Tex. Penal Code Ann. §§ 12.32(a), 29.03(b).

3

Santillan has not shown that the trial court abused its discretion in assessing his sentence to support an alleged violation of his due-process rights. *See Tapia*, 462 S.W.3d at 44. He points to nothing in the record suggesting that the trial court expressed bias or refused to consider a lower sentence. Instead, after accepting Santillan's plea of true to seven violations of his probation conditions, the trial court asked for the probation officer's summary of Santillan's case, reviewed a letter submitted on Santillan's behalf, heard testimony from Santillan, and heard argument from his counsel in favor of a shorter sentence. The trial court then recessed to review the case summary, including the State's prior motions to revoke community supervision, before assessing the 15-year sentence (which the State recommended). And before pronouncing the sentence, the trial court concluded that Santillan freely and voluntarily entered his original no contest plea and was competent to waive his rights when he entered that plea.[2] Because the record makes clear that the trial court heard all the evidence presented at the sentencing hearing and did not refuse to consider a lesser sentence, it did not abuse its discretion in assessing his sentence. *See id.*; *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). The trial court's assessment of 15 years' imprisonment was well within (and indeed toward the lower end of) the statutory punishment range.

Santillan has not shown an abuse of sentencing discretion. *Tapia*, 462 S.W.3d at 44. We therefore overrule Santillan's sole issue on appeal.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

---

[2] At that hearing (which was conducted by a different presiding judge), the trial court specifically admonished Santillan of the potential consequences of deferred adjudication in this case, namely that if the State later filed a meritorious motion to adjudicate, Santillan could be sentenced to five to 99 years imprisonment. Santillan affirmed that he understood, including that he "really can't even complain about" that sentence based on his deferred-adjudication agreement.

LISA J. SOTO, Justice

May 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)