

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00415-CR

Daniel **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR2175
Honorable Frank J. Castro, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: June 10, 2026

AFFIRMED

Raising a single point of error, Appellant Daniel Gonzalez contends the trial court violated his due process rights by considering prior motions to revoke when it adjudicated him guilty and sentenced him to eight years' imprisonment. We affirm.

### BACKGROUND

Pursuant to a plea agreement, Gonzalez was placed on deferred adjudication community supervision for a family violence offense involving his mother. The State later filed a motion to

adjudicate guilt, alleging Gonzalez violated a condition of his community supervision by failing to comply with the requirements of his drug abuse treatment program when he was removed from the program for noncompliance.

At the adjudication hearing, the trial court admonished Gonzalez that a plea of true could result in revocation and imprisonment for two to ten years. Gonzalez confirmed that he understood and pled "true" to the alleged violation. Before pronouncing sentence, the trial court stated:

> "This is your third MTR. The first one was denied, but still, you got – it was a violation of number four in October of 2023 and August of 2024, SAFP violation of 39, and now you pled true to violation 41. Then I have to look at the underlying case too. It's a violation of protective order—assault. You said your mom. And then this violation of getting out of SAFP—aggressive assault-type issues. I have people who have mental health problems or drug problems but aren't committing violence. That's a difference with you . . . ."

The trial court subsequently found the allegation true, revoked community supervision, adjudicated Gonzalez guilty, and sentenced him to eight years' imprisonment.

## ANALYSIS

On appeal, Gonzalez contends that the trial court violated his due process rights and abused its discretion in adjudicating him guilty because its decision to revoke and adjudicate was based on previous motions to revoke. To preserve error for review, a litigant must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. TEX. R. APP. P. 33.1(a)(1)(A).

In this case, Gonzalez did not object either when the State referenced prior motions to revoke during argument or when the trial court mentioned Gonzalez's prior revocation history at sentencing. In fact, Gonzalez did not raise a due process complaint at any point during the revocation proceeding. "Failure to raise a due process objection to the procedures used by the trial

court in revoking community supervision waives any complaint." *Castillo v. State*, No. 04-04-00169-CR, 2005 WL 357155, at *2 (Tex. App.—San Antonio Feb. 16, 2005, no pet.) (mem. op., not designated for publication) (citing *Rogers v. State,* 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982)); *see also Johnson v. State*, No. 04-24-00374-CR, 2025 WL 1129039, at *5 (Tex. App.—San Antonio Apr. 16, 2025, no pet.) (mem. op., not designated for publication). Accordingly, the error is not preserved for appellate review.

Even if we were to conclude that this issue was preserved, Gonzalez's complaint fails on the merits. Gonzalez pled true to violating a condition of his community supervision by failing to comply with the requirements of his substance abuse treatment program. A plea of true, standing alone, is sufficient to support revocation of probation. *Marroquin v. State*, No. 04-24-00832-CR, 2026 WL 377895 (Tex. App.—San Antonio Feb. 11, 2026, pet. ref'd) (mem. op., not designated for publication) (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979)). "Once sufficient evidence is presented of a violation of a condition of community supervision, the trial court has almost absolute discretion in choosing whether to continue, modify or revoke the community supervision." *Castillo v. State,* 2005 WL 357155, at *3. Accordingly, once Gonzalez admitted the violation, the trial court had discretion to revoke his community supervision.

Furthermore, the record demonstrates the trial court's ruling was not based on the bare existence of prior motions to revoke as Gonzalez suggests. The trial court expressly relied on Gonzalez's plea of true to the current violation. Although the trial court referenced Gonzalez's prior motions to revoke, nothing in the record indicates the court treated those prior motions as independent grounds for revocation or as substitute proof of the current violation. Instead, the court found the current allegation true based on Gonzalez's plea, considered the underlying offense, and emphasized Gonzalez's pattern of violent behavior and failure in treatment. At most, the court

referenced Gonzalez's supervision history as context. A trial court may consider a defendant's background, conduct, and supervision history when determining whether to revoke and what sentence to impose. *See Burton v. State*, No. 14-02-00289-CR, 2003 WL 1086844, at *3 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op., not designated for publication).

Gonzalez also emphasizes that the trial court imposed an eight-year sentence despite the State's recommendation of four years. But the trial court was not bound by the State's recommendation, and the sentence imposed falls within the applicable statutory range. Once a trial court revokes community supervision, it may impose any punishment within the relevant statutory range regardless of the State's recommendation. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (en banc).

### CONCLUSION

Because Gonzalez failed to preserve his complaint and because the record does not support his contention that the trial court improperly revoked community supervision based on prior motions to revoke, we overrule Gonzalez's sole issue and affirm the trial court's judgment.

H. Todd McCray, Justice

DO NOT PUBLISH