02-10-270-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-10-00270-CR

 

 


 
 
 Ryan Roosevelt Sanders a/k/a Brian Roosevelt
 Sanders
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 297th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Ryan Roosevelt Sanders received deferred adjudication community supervision
after he pleaded guilty to burglary of a habitation.  The State subsequently
filed a petition to proceed to adjudication.  At the hearing, the State waived
three allegations, and Appellant pleaded true to the remaining nine allegations
concerning his commission of five new offenses; use of marijuana; and failure
to complete community service, an educational program, and a substance abuse
assessment.  After hearing testimony from Appellant and argument from counsel,
the trial court found the State’s nine remaining allegations true, adjudicated
Appellant guilty of burglary, and sentenced Appellant to eight years’
confinement.  Appellant contends in two points on appeal that the trial court
abused its discretion by finding three of the State’s allegations true and
erred by ordering payment of court-appointed attorney’s fees.  We reform the
judgment to remove the order that Appellant pay attorney’s fees and affirm the
judgment as modified.

II. 
Applicable Law

          Appellate
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion.  Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Miles v. State, 343 S.W.3d 908,
912 (Tex. App.—Fort Worth, no pet.); Cherry v. State, 215 S.W.3d 917,
919 (Tex. App.—Fort Worth 2007, pet. ref’d).  When there is sufficient evidence
to support a finding that the defendant violated a condition of his community
supervision, the trial court does not abuse its discretion by revoking the
supervision.  See Cardona v. State, 665 S.W.2d 492, 493–94 (Tex. Crim.
App. 1984); Wade v. State, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana
2002, no pet.).

A
finding of a single violation of community supervision is sufficient to support
revocation.  Leach v. State, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth
2005, pet. ref’d).  A defendant’s plea of “true” to even one allegation in the
State’s motion to revoke is sufficient to support the trial court’s decision to
adjudicate Appellant’s guilt.  Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. [Panel Op.] 1979); see Ramos v. State, No. 02-08-00363-CR,
2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem.
op., not designated for publication).  Once sufficient evidence is presented of
a violation of a community-supervision condition, the trial court has broad
discretion in choosing whether to continue, modify, or revoke the community supervision. 
Tex. Code Crim. Proc. Ann. art. 42.12, '' 5,
22, 23 (West Supp. 2011); Flournoy v. State, 589 S.W.2d 705, 708 (Tex.
Crim. App. [Panel Op.] 1979); Hays v. State, 933 S.W.2d 659, 661 (Tex.
App.—San Antonio 1996, no pet.).  Where deferred community supervision is
revoked, the trial court may generally impose any punishment authorized by
statute within the statutory range.  See Von Schounmacher v. State, 5
S.W.3d 221, 223 (Tex. Crim. App. 1999).

III. 
Discussion

          Appellant
contends in two points that the trial court abused its discretion by finding
three of the State’s allegations true because there was no evidence to support
them and that the trial court erred by ordering him to pay attorney’s fees
because there is no evidence to support the fees or his ability to pay the
fees.

A. 
Violations of Community Supervision

          Appellant
acknowledges that he pleaded true to committing five new offenses (each
involved burglary of a vehicle) and using marijuana.  Appellant also
acknowledges that the trial court had “complete authority based on [the]
evidence and Appellant’s pleas of true to the other paragraphs to proceed to
adjudication and punishment.”  Appellant argues, however, that despite his
pleas of true, there is no evidence supporting the State’s other three
allegations of failure to complete community service, an educational program,
and a substance abuse assessment.  Thus, according to Appellant, the case
should be remanded for a new hearing because “it is impossible to determine
what impact these erroneous findings may have had on the trial Court’s
decision[s] to proceed to adjudicate guilt” and to sentence him to eight years’
confinement.

          We
cannot agree with Appellant’s contention because, even if there were no
evidence offered to support the allegations concerning Appellant’s failure to
complete community service, an educational program, and a substance abuse
assessment,[2] Appellant’s plea of true
to those three allegations, standing alone, is sufficient, and it was not
necessary for the State to prove additional violations.  See Moore, 605
S.W.2d at 926; Cole, 578 S.W.2d at 128.  And perhaps more importantly,
Appellant pleaded true to six other allegations, five concerning new offenses
and one concerning the use of marijuana.  Appellant unequivocally admitted to
his participation in the offenses and his use of marijuana while testifying,
and it is clear from the record that the trial court placed emphasis on
Appellant’s commission of new offenses when assessing his sentence.  Finally,
because the trial court acted within its discretion by revoking Appellant’s
community supervision, the trial court had discretion to impose
any punishment authorized by statute within the statutory range.  See Von
Schounmacher, 5 S.W.3d at 223.  Appellant faced a possible sentence of
twenty years’ imprisonment but was sentenced to eight years’ imprisonment.  See
Tex. Penal Code Ann. § 12.33(a) (West 2011).  Thus, the trial court did not
abuse its discretion by revoking Appellant’s community supervision and
sentencing him to eight years’ imprisonment.  We overrule Appellant’s first
point.

B. 
Attorney’s Fees

          Appellant
argues in his second point that the trial court erred by ordering payment of
court-appointed attorney’s fees because there is no evidence of the amount of fees
or his ability to pay the fees.  The State concedes in its brief that the
judgment should be reformed to remove the order that Appellant pay attorney’s
fees.  See Mayer v. State, 274 S.W.3d 898, 901–02 (Tex. App.—Amarillo
2008), aff’d, 309 S.W.3d 552 (Tex. Crim. App. 2010) (“Without evidence
to demonstrate appellant’s financial resources to offset the costs of the legal
services, the trial court erred in ordering reimbursement of appointed attorney
fees.”); see also Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp.
2011) (authorizing trial court to order repayment of court-appointed attorney’s
fees if it “determines that a defendant has financial resources that enable him
to offset in part or in whole the costs of the legal services provided”).

We have
reviewed the record and agree that there is no evidence of either the amount of
the court-ordered attorney’s fees or Appellant’s ability to pay them.  We
therefore sustain Appellant’s second point and order that the trial court’s
judgment be modified to remove the order concerning Appellant’s payment of
attorney’s fees.  See Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim.
App. 2010) (holding appellate court not required to remand based on
insufficient evidence of ability to pay attorney’s fees).

IV. 
Conclusion

          Having
overruled Appellant’s first point and having sustained his second point, we
affirm the trial court’s judgment as modified.

 

ANNE GARDNER

JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER,
and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 29,
2011









[1]See Tex. R. App. P. 47.4.





[2]We note, however, that
although Appellant did not unequivocally admit during his testimony that he
failed to complete community service, an educational program, and a substance
abuse assessment, he did testify during both direct and cross-examination that
he believed he did not have to complete those tasks because his probation
officer had told him not to worry about them while he attended school.