

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00270-CR

RYAN ROOSEVELT SANDERS             APPELLANT
A/K/A BRIAN ROOSEVELT
SANDERS

V.

THE STATE OF TEXAS             STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Ryan Roosevelt Sanders received deferred adjudication community supervision after he pleaded guilty to burglary of a habitation. The State subsequently filed a petition to proceed to adjudication. At the hearing, the State waived three allegations, and Appellant pleaded true to the remaining nine

---

[1]*See* Tex. R. App. P. 47.4.

allegations concerning his commission of five new offenses; use of marijuana; and failure to complete community service, an educational program, and a substance abuse assessment. After hearing testimony from Appellant and argument from counsel, the trial court found the State's nine remaining allegations true, adjudicated Appellant guilty of burglary, and sentenced Appellant to eight years' confinement. Appellant contends in two points on appeal that the trial court abused its discretion by finding three of the State's allegations true and erred by ordering payment of court-appointed attorney's fees. We reform the judgment to remove the order that Appellant pay attorney's fees and affirm the judgment as modified.

## II. Applicable Law

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth, no pet.); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking the supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Wade v. State*, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.).

A finding of a single violation of community supervision is sufficient to support revocation. *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort

Worth 2005, pet. ref'd). A defendant's plea of "true" to even one allegation in the State's motion to revoke is sufficient to support the trial court's decision to adjudicate Appellant's guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see Ramos v. State*, No. 02-08-00363-CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not designated for publication). Once sufficient evidence is presented of a violation of a community-supervision condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5, 22, 23 (West Supp. 2011); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Where deferred community supervision is revoked, the trial court may generally impose any punishment authorized by statute within the statutory range. *See Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999).

### III. Discussion

Appellant contends in two points that the trial court abused its discretion by finding three of the State's allegations true because there was no evidence to support them and that the trial court erred by ordering him to pay attorney's fees because there is no evidence to support the fees or his ability to pay the fees.

### A. Violations of Community Supervision

Appellant acknowledges that he pleaded true to committing five new offenses (each involved burglary of a vehicle) and using marijuana. Appellant

3

also acknowledges that the trial court had "complete authority based on [the] evidence and Appellant's pleas of true to the other paragraphs to proceed to adjudication and punishment." Appellant argues, however, that despite his pleas of true, there is no evidence supporting the State's other three allegations of failure to complete community service, an educational program, and a substance abuse assessment. Thus, according to Appellant, the case should be remanded for a new hearing because "it is impossible to determine what impact these erroneous findings may have had on the trial Court's decision[s] to proceed to adjudicate guilt" and to sentence him to eight years' confinement.

We cannot agree with Appellant's contention because, even if there were no evidence offered to support the allegations concerning Appellant's failure to complete community service, an educational program, and a substance abuse assessment,[2] Appellant's plea of true to those three allegations, standing alone, is sufficient, and it was not necessary for the State to prove additional violations. *See Moore*, 605 S.W.2d at 926; *Cole*, 578 S.W.2d at 128. And perhaps more importantly, Appellant pleaded true to six other allegations, five concerning new offenses and one concerning the use of marijuana. Appellant unequivocally admitted to his participation in the offenses and his use of marijuana while

---

[2]We note, however, that although Appellant did not unequivocally admit during his testimony that he failed to complete community service, an educational program, and a substance abuse assessment, he did testify during both direct and cross-examination that he believed he did not have to complete those tasks because his probation officer had told him not to worry about them while he attended school.

4

testifying, and it is clear from the record that the trial court placed emphasis on Appellant's commission of new offenses when assessing his sentence. Finally, because the trial court acted within its discretion by revoking Appellant's community supervision, the trial court had discretion to impose any punishment authorized by statute within the statutory range. *See Von Schounmacher*, 5 S.W.3d at 223. Appellant faced a possible sentence of twenty years' imprisonment but was sentenced to eight years' imprisonment. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011). Thus, the trial court did not abuse its discretion by revoking Appellant's community supervision and sentencing him to eight years' imprisonment. We overrule Appellant's first point.

## B. Attorney's Fees

Appellant argues in his second point that the trial court erred by ordering payment of court-appointed attorney's fees because there is no evidence of the amount of fees or his ability to pay the fees. The State concedes in its brief that the judgment should be reformed to remove the order that Appellant pay attorney's fees. *See Mayer v. State*, 274 S.W.3d 898, 901–02 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010) ("Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees."); *see also* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011) (authorizing trial court to order repayment of court-appointed attorney's fees if it

"determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided").

We have reviewed the record and agree that there is no evidence of either the amount of the court-ordered attorney's fees or Appellant's ability to pay them. We therefore sustain Appellant's second point and order that the trial court's judgment be modified to remove the order concerning Appellant's payment of attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (holding appellate court not required to remand based on insufficient evidence of ability to pay attorney's fees).

## IV. Conclusion

Having overruled Appellant's first point and having sustained his second point, we affirm the trial court's judgment as modified.


        ANNE GARDNER
        JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 29, 2011