# NO. 12-14-00172-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ATHELSTON HAYLES, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Athelston Hayles appeals his conviction for indecency with a child following the revocation of his deferred adjudication community supervision. In one issue, Appellant argues that he received ineffective assistance of counsel during the revocation proceedings because his trial counsel failed to file a motion to recuse the trial judge. We affirm.

## BACKGROUND

Appellant was charged by indictment with indecency with a child and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years.

Appellant moved to Georgia where his community supervision was monitored through an interstate compact agreement. On September 16, 2013, the Smith County Community Supervision Officer assigned to monitor Appellant's out-of-state supervision filed a report alleging Appellant had violated the conditions of his community supervision by viewing websites depicting pornographic materials on his home computer. Appellant was arrested in Georgia and subsequently transferred to Smith County on November 1, 2013.

On November 7, 2013, the State filed a motion to proceed to final adjudication asserting, in part, that Appellant violated certain terms of his community supervision by viewing pornographic materials on the internet. Appellant's retained counsel filed a motion to recuse the trial judge, who

agreed to the recusal. The case was reassigned, and the State filed its first amended motion to proceed to final adjudication.

On February 18, 2014, Appellant's retained counsel filed a motion to withdraw and requested that Appellant be found indigent and provided a court appointed attorney. On February 24, 2014, the State filed a second amended application to proceed to final adjudication. Thereafter, the trial court permitted Appellant's retained counsel to withdraw, found that Appellant was indigent due to his incarceration, and appointed new counsel to represent him.

On June 13, 2014, the trial court conducted a hearing on the State's motion. There, the parties advised the trial court that they had reached an agreement on sentencing in exchange for Appellant's plea of "true" to some of the allegations in the State's motion. The trial judge responded that he was not going to approve any "deal" negotiated between the parties in a revocation proceeding and that such an agreement was not legally binding on the court. Nonetheless, the parties advised the court that, under the agreement, Appellant would be sentenced to imprisonment for two years. The trial judge admonished Appellant that a plea of "true" would provide a sufficient basis upon which the court could find an allegation to be "true." The trial judge further admonished Appellant that he could assess punishment within the available range of two to twenty years regardless of any agreement between the parties. Lastly, the trial judge advised Appellant that he did not plan to follow an agreement under these circumstances or grant a continuance.

After discussing the matter with his counsel, Appellant pleaded "true" to the allegation that he viewed pornographic images on several websites. Following a hearing, the trial court found the allegation that Appellant purchased, owned, or possessed pornographic materials to be "true," revoked Appellant's community supervision, adjudicated him "guilty" of indecency with a child, and sentenced him to imprisonment for five years. This appeal followed.

**Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500

(Tex. Crim. App. 1996).  The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation.  *See **Strickland***, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the ***Strickland*** standard, the appellant is also required to show prejudice from the deficient performance of his attorney.  *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different.  *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective.  *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy.  *See **id.***  Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did.  *See **id.*** Appellant cannot meet this burden if the record does not affirmatively support the claim.  *See **Menefield v. State***, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim.  *See **Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.– Houston [1st Dist.] 1994, pet. ref'd).  Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions.  *See **Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation.  ***Id.*** at 835.

Trial courts possess broad discretion over defendants who are placed on community supervision and this degree of discretion extends to the court's ruling after revocation proceedings.  *See **Hart v. State***, 264 S.W.3d 364, 372 (Tex. App.–Eastland 2008, pet. ref'd).  When a trial court revokes a defendant's deferred adjudication community supervision, the court is authorized to consider the full range of punishment that could have originally been assessed.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014); ***Weed v. State***, 891 S.W.2d 22, 25 (Tex. App.–Fort Worth, no pet.).  A plea of true, standing alone, is sufficient to support revocation of community supervision.  ***Perry v. State***, 367 S.W.3d 690, 693 (Tex. App.–Texarkana 2012, no pet.).

Regardless of circumstances leading to the imposition of deferred adjudication community supervision, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). However, a defendant is entitled to a revocation hearing before a judicial officer who has not predetermined that the community supervision should be revoked or that a particular punishment should be imposed. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). A trial court's refusal to consider the entire range of punishment in a particular case violates due process. *Id.* at 456.

Absent a clear showing to the contrary, a reviewing court presumes a trial court has considered the full range of punishment in assessing punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *State v. Hart*, 342 S.W.3d 659, 673 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd). Only when it appears that a trial court harbors an aversion, hostility, or disposition when judging a dispute of a kind that fair minded people could not set aside, may a judge's impartiality reasonably be questioned. *Gaal v. State*, 332 S.W.3d 448, 453 (Tex. Crim. App. 2011). A judge's remarks that are critical, disapproving or hostile to counsel or expressions of impatience, dissatisfaction, annoyance, and even anger do not establish bias. *Id*. at 454.

**Evaluation of Trial Counsel's Representation**

Here, Appellant argues that trial counsel was ineffective for not seeking to recuse the trial judge after the judge made comments regarding the parties' agreement. Appellant contends that the trial judge's statements made it "obvious" and "evident" that the trial judge was biased against him and unwilling to consider the full range of punishment. Yet, the record before us is silent about trial counsel's strategy or why he chose the course he did. Normally, a silent record cannot defeat the strong presumption of effective assistance of counsel. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *but see Menefield*, 363 S.W.3d at 593 (holding if trial counsel is not given opportunity to explain allegedly deficient actions, appellate court should not find deficient performance absent challenged conduct "so outrageous that no competent attorney would have engaged in it"); *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005) (reversing a conviction "in a rare case" on the basis of ineffective assistance of counsel when trial counsel did not object to a misstatement of law by the prosecutor during argument).[1]

---

[1] The "extremely unusual circumstances" present in *Andrews* are not present in the case at hand. Counsel's reasons in *Andrews*, if any, were unnecessary to resolve the ineffective assistance of counsel claim. *See Berry v. State*,

Having reviewed the record in the instant case, we conclude that the facts before us are distinguishable from the facts in *Andrews* and Appellant's trial counsel's alleged deficient conduct is not "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593. Thus, we decline to hold that the record before us contains all of the information needed for us to conclude that there could be no reasonable trial strategy for Appellant's trial counsel's alleged unprofessional acts. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively.

Even so, while the comments made by the trial judge indicated his frustration with the events that transpired prior to the hearing, we do not conclude based on our review of the record that this frustration, without more, indicates that he was biased or unwilling to consider the full range of punishment. *See Gaal*, 332 S.W.3d at 453. Rather, the trial judge made clear at the hearing that he was not legally bound to follow the punishment in the parties' agreement and reserved the right to determine an appropriate punishment based on the evidence presented. Thus, we presume the trial court considered the full range of punishment in assessing Appellant's punishment. *See Brumit*, 206 S.W.3d at 645.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

No. 05-04-01161-CR, 2005 WL 1515512, at *3 (Tex. App.–Dallas June 28, 2005, no pet.) (op., not designated for publication). But failing to object to a misstatement of the law that is detrimental to one's client when the harm is so clearly presented by the record on appeal is quite different from determining whether to seek to recuse a trial judge as a matter of trial strategy. *Cf. Garza*, 213 S.W.3d at 348; *Saenzpardo v. State*, No. 05-03-01518, 2005 WL 941339, at *2 (Tex. App.–Dallas Apr. 25, 2005, no pet.) (op., not designated for publication).; *see Diaz v. State*, 380 S.W.3d 309, 313 (Tex. App.–Fort Worth 2012, pet. ref'd) (trial counsel not ineffective for failing to file motion to recuse where record did not contain any explanation regarding counsel's trial strategy).

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 8, 2015**

**NO. 12-14-00172-CR**

**ATHELSTON HAYLES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1539-07)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*