

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00771-CR

John David **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 11-05-075-CRW
Honorable Russell Wilson, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  February 1, 2017

MOTION TO WITHDRAW GRANTED; AFFIRMED

John David Garcia was charged by indictment with two counts of aggravated assault with a deadly weapon. In May 2012, the State agreed to proceed on only one count and to recommend that adjudication be deferred in exchange for Garcia's agreement to plead nolo contendere to one count of aggravated assault with a deadly weapon. Pursuant to the plea agreement, the trial court deferred adjudication and placed Garcia on community supervision for a period of six years. The State later filed a motion to adjudicate guilt, alleging Garcia violated various conditions of his community supervision. Garcia pled true to the allegation that he violated a condition that required

him to attend and successfully complete an anger management class as directed by the supervision officer. The trial court revoked Garcia's community supervision, adjudicated him guilty, fined him $2,000, and sentenced him to twelve years in the Institutional Division of the Texas Department of Criminal Justice. Garcia timely filed a notice of appeal.

Garcia's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Garcia and informed him of his rights in compliance with *Kelly v. State*, 436 S.W.3d 313 (2014). Appellant was advised of his rights to review the appellate record and file a pro se brief, and this court provided appellant with a copy of the appellate record.

Garcia filed a pro se brief, a supplemental brief, a reply brief, and a supplemental brief attaching an exhibit, in which he raises numerous complaints. Most of the issues Garcia raises arise from the original proceeding in which Garcia pled no contest and the trial court placed him on deferred adjudication community supervision. His complaints include challenges to the composition of the grand jury, alleged deficiencies in the indictment, insufficiency of the evidence, perjured statements by the complaining witnesses, ineffective assistance of counsel in the plea proceedings, vountariness of his plea, and alleged trial court error in accepting a plea for aggravated assault with a deadly weapon instead of a lesser included offense. In addition, Garcia contends he is "actually and factually innocent." These are all issues that were required to be raised in an appeal taken when the supervision was first imposed. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Garcia's failure to appeal at that time and raise these issues resulted in procedural default; the

issues may not be considered in an appeal following adjudication of guilt. *See Riles*, 452 S.W.3d at 338; *Manuel*, 994 S.W.2d at 661-62.

Garcia contends the revocation of his community supervision is unconstitutional because one of the grounds in the motion to revoke was his alleged failure to pay a debt that he could not afford to pay. However, the trial court did not make any findings on the ground that alleged Garcia failed to pay his supervision fees, and that ground was not the basis of the order revoking Garcia's community supervision. Garcia also contends that his counsel in the revocation and adjudication proceedings rendered ineffective assistance. However, the record does not reflect the alleged deficient actions of counsel or the reasons for defense counsel's actions. The record is insufficiently developed to address the ineffective assistance claims. *See Mata v. State*, 226 S.W.3d 425, 430 Tex. Crim. App. 2007). Likewise, there is no evidence in the record that would arguably support the allegation of prosecutorial misconduct by misrepresenting facts or wrongfully withholding material evidence. Finally, Garcia generally asserts his sentence is illegal, void, and not authorized by law. When deferred adjudication community supervision is revoked, the trial court may generally impose any punishment within the range authorized by statute. *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999). The range of punishment for aggravated assault with a deadly weapon, a second degree felony, is imprisonment for not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. §§ 12.33, 22.02(b) (West 2011). The trial court's sentence of six years' imprisonment and a $2,000 fine is well within that range.

After reviewing the record, counsel's brief, and all of Garcia's briefing, we conclude that none of Garcia's issues have arguable merit and we agree with counsel the appeal is wholly frivolous. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed

by Garcia's counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Luz Elena D. Chapa, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should Garcia wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.